UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE SALVADOR MORENO,<br><br>                    Petitioner,<br>vs.<br>BILL GORE, SAN DIEGO COUNTY SHERIFF, et al.<br><br>                    Respondents. | CASE NO. 13cv2097-WQH (BLM)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the review of the Report and Recommendation (ECF No. 12) issued by United States Magistrate Judge Barbra L. Major, recommending that this Court: (1) deny Petitioner Jorge Salvador Moreno's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1); and (2) deny Petitioner's pending motion for appointment of counsel (ECF No. 3).

**I.     Background**

On March 9, 2011, a jury convicted Petitioner of the crime of assault with force likely to produce great bodily injury. (ECF No. 12 at 2). On July 18, 2011, the Petitioner was sentenced to twenty-five years to life in prison. (ECF No. 1 at 1).

On January 23, 2012, Petitioner appealed his conviction to the California Court of Appeal, contending that there was insufficient evidence to support his conviction, and that the trial court erred in denying his motion for new trial based on juror misconduct. (ECF No. 1 at 6, 7). On June 26, 2012, the Court of Appeal issued an unpublished opinion affirming Petitioner's conviction. (ECF No. 12 at 3). Petitioner

subsequently filed a petition for review in the California Supreme Court. *Id.* at 3. On September 21, 2012, the California Supreme Court denied the petition without comment or citation to authority. *Id.* The petitioner did not seek habeas corpus relief in state court.

On September 6, 2013, Petitioner, proceeding *pro se* and *in forma pauperis*, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 and a Motion to Appoint Counsel in this Court. (ECF No. 1, 3). Petitioner alleged the following grounds for relief: (1) Petitioner's right to due process under the Fourteenth Amendment was violated because there was insufficient evidence to support his conviction of assault with force likely to cause great bodily injury; (2) Petitioner's Sixth Amendment right was violated because the trial court denied his motion for new trial based on juror misconduct; and (3) Petitioners Sixth Amendment right was violated due to ineffective assistance of counsel. (ECF No. 1). The Court informed Petitioner that his claim of ineffective assistance of counsel was unexhausted, and that his petition was subject to dismissal. (ECF No. 5). On October 4, 2013, Petitioner withdrew his unexhausted ineffective assistance of counsel claim. (ECF No. 6). On January 27, 2014, Respondent filed an answer to the Petition. (ECF No. 9). On February 5, 2014, Petitioner filed a traverse. (ECF No. 11).

On March 4, 2014, the Magistrate Judge issued the Report and Recommendation, recommending that the Petition be denied in its entirety, and that Petitioner's Motion to Appoint Counsel be denied. (ECF No. 12). As to the insufficient evidence claim, the Magistrate Judge found that there was substantial evidence supporting the jury's verdict because evidence at trial showed that "the water temperature likely was 'greater than 150 degrees' when it hit the victim's face and that water at any temperature greater than 130 degrees is capable of causing second degree burns and scalding . . ." *Id.* at 8. The Magistrate Judge concluded that "[t]he jury's determination, therefore, was not unreasonable and the state court's analysis and decision denying the sufficiency of evidence claim was not 'contrary to or an unreasonable application of Federal law." *Id.*

at 9. As to the juror misconduct claim, the Magistrate Judge found that "[b]ecause Petitioner has not shown that Juror No. 3 answered any question dishonestly, the state court's decision was not contrary to, and did not involve an unreasonable application of, clearly established federal law." *Id.* at 11-12. The Magistrate Judge also found that the declaration of Petitioner's trial counsel, used to show Juror No. 3's misconduct during deliberations, was inadmissible under California Evidence Code section 1150. *Id.* at 14. The Magistrate Judge concluded that "there is no legal support for Petitioner's argument that Juror No. 3's work experience and/or familiarity with the prison system 'must have tainted' Petitioner's right to a fair and impartial jury." *Id.* at 14.

The Magistrate Judge denied Petitioner's Motion to Appoint Counsel due to Petitioner's ability to articulate the legal issues involved and his inability to demonstrate a likelihood of success on the merits. *Id.* at 15. The Magistrate Judge found: "Under such circumstances, a district court does not abuse its discretion in denying a state prisoner's request for appointment of counsel as it is simply not warranted by the interest of justice." *Id.* at 15.

The Magistrate Judge concluded:

> IT IS ORDERED that no later than March 28, 2014, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Reccomendation."
>
> IT IS FURTHER ORDERED that any reply to the objections shall be filed with the Court and served on all parties no later than April 18, 2014. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections within the specified time may waive the right to raise those objections on appeal of the Court's order."

*Id.* at 16.

To date, neither party has filed objections to the Report and Recommendation.

## II. Discussion

The duties of the district court in connection with a report and recommendation of a Magistrate Judge are set forth in Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1). When a party objects to a report and recommendation, "[a] judge

of the [district] court shall make a de novo determination of those portions of the [Report and Recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). When no objections are filed, the district court need not review the report and recommendation de novo. See Wang v. Masaitis, 416 F.3d 992, 1000 n.13 (9th Cir. 2005); U.S. v. Reyna-Tapia, 328 F.3d 1114, 1121-22 (9th Cir. 2003). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Civ. P. 72(b); *see also* 28 U.S.C. § 636(b)(1).

Neither party objected to the Report and Recommendation, and the Court has reviewed the Report and Recommendation in its entirety. The Court concludes that the Magistrate Judge correctly found that petitioner's first claim must be denied because Petitioner failed to demonstrate that the state court's adjudication was contrary to the standard set forth in Jackson v. Virginia, 443 U.S. 307 (1979).

The Court concludes that the Magistrate Judge correctly found Petitioner's second claim must be denied because Petitioner failed to establish that Juror No. 3 dishonestly answered a material question during voir dire. In addition, his trial counsel's declaration was inadmissible under Evidence Code section 1150.

The Court concludes that the Magistrate Judge correctly found Petitioner's Motion to Appoint Counsel must also be denied because Petitioner failed to demonstrate the "exceptional circumstances" necessary for the court to appoint counsel. Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991).

The Court concludes that the Magistrate Judge correctly determined that the Petition and Motion to Appoint Counsel should be denied. The Court adopts the Report and Recommendation in its entirety.

**III.  Certificate of Appealability**

A certificate of appealability must be obtained by a petitioner in order to pursue an appeal from a final order in a section 2254 habeas corpus proceeding. *See* 28 U.S.C. § 2253(c)(1)(A); Fed R. App. P. 22(b). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, "[t]he district court must issue or deny a certificate of

appealability when it enters a final order adverse to the applicant."

A certificate of appealability should be issued only where the petition presents "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). It must appear that reasonable jurists could find the district court's assessment of the petitioner's constitutional claims debatable or wrong. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

The Court concludes that jurists of reason would not find it debatable whether this Court was correct in denying the Petition. The Court denies a certificate of appealability.

## IV. Conclusion

IT IS HEREBY ORDERED that the Report and Recommendation (ECF No. 12) is ADOPTED in its entirety. The Petition for Writ of Habeas Corpus is DENIED. (ECF No. 1). The Motion to Appoint Counsel is DENIED. (ECF No. 3). A certificate of appealability is DENIED.

DATED: July 8, 2014

*[signature]*
**WILLIAM Q. HAYES**
United States District Judge